Craig B. Friedberg, Esq.
LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
(702) 435-7968 – telephone
attcbf@cox.net

James J. Parr, Esq.
AGRUSS LAW FIRM, LLC
Illinois Bar No.: 6317921[1]
4809 N. Ravenswood Avenue, Suite 419
Chicago, IL 60640
(312) 224-4695 – telephone
(312) 253-4451 – facsimile
james@agrusslawfirm.com

*Attorneys for Plaintiff, DESIREE HOLLAND*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DESIREE HOLLAND, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PINNACLE SERVICES INC., *doing business* ) <br> *as* Pinnacle Collection Services, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 3:23-cv-00071 |

**PLAINTIFF'S COMPLAINT**

Plaintiff, DESIREE HOLLAND ("Plaintiff"), by and through her attorneys, alleges the following against Defendant, PINNACLE SERVICES INC., *doing business as* Pinnacle Collection Services:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

---
[1] Illinois counsel will comply with LR IA 11-2 and move for pro hac vice admission within 45 days.

1

2. Count II of Plaintiff's Complaint is based on the Nevada Deceptive Trade Practices Act, NRS 598 *et seq.* and NRS 41.600 ("NDTPA").

## JURISDICTION AND VENUE

3. This court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k, as well as pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367(a) because they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this district are proper because Defendant do or transact business within this district and a material portion of the events at issue occurred in this district.

## PARTIES

7. Plaintiff is a natural person residing in the City of Reno, Washoe County, State of Nevada.

8. Plaintiff is a "consumer" as that term is defined by the FDCPA.

9. Plaintiff allegedly owes a "debt" as that term is defined by the FDCPA.

10. Defendant is a Nevada business corporation based in the City of Reno, Washoe County, State of Nevada.

11. Defendant is a "debt collector" as that term is defined by the FDCPA.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

13. The principal purposes of Defendant's business is the collection of debts allegedly owed to, or originally owed to, third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to, or originally owed to, third parties.

15. During the course of its attempts to collect consumer debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone

and facsimile.

16. Defendant acted by and through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

17. Defendant attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff.

18. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

19. Defendant calls Plaintiff on her cellular telephone at 775-870-2427 in an attempt to collect the alleged debt.

20. Defendant calls Plaintiff from, at least, 775-323-7496, which is one of Defendant's telephone numbers.

21. Plaintiff has spoken to Defendant's collectors on at least one occasion.

22. During the above-referenced telephone call, Plaintiff requested that Defendant stop calling Plaintiff.

23. Despite Plaintiff telling Defendant to stop calling Plaintiff, Defendant continued to call Plaintiff unabated.

24. On May 11, 2022, Plaintiff's attorney sent a written notice of attorney representation and cease-and-desist request to Defendant via fax to 775-323-1598, and via email to collections@summitcollectionservices.net, which Defendant received. (Exhibit A).

25. Defendant contacted Plaintiff's attorney stating, erroneously, that Plaintiff would need to contact Defendant directly with regard to the cease-and-desist request.

26. On May 12, 2022, Plaintiff's attorney sent another written notice of attorney representation and cease-and-desist request to Defendant via fax to 775-323-1598, and via email to collections@summitcollectionservices.net, which Defendant received. (Exhibit B).

27. Despite Defendant's receipt of Plaintiff's attorney's written notices of representation and cease-and-desist requests to Defendant, Defendant continued to communicate with Plaintiff unabated with collection calls.

28. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

29. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

30. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

31. Defendant's actions constitute an invasion of Plaintiff's individual privacy and Plaintiff has suffered a concrete and particularized injury to her legally protected interest of her individual privacy.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats and re-alleges paragraphs 1-31 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

33. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692c(a)(2) of the FDCPA when Defendant communicated with Plaintiff despite Plaintiff being represented by an attorney;

    b. Defendant violated § 1692c(c) of the FDCPA when Defendant communicated with Plaintiff despite receiving a written cease-and-desist requests from Plaintiff's counsel;

    c. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant continued to place collection calls to Plaintiff after Plaintiff told Defendant to stop calling Plaintiff and after Plaintiff's counsel requested that Defendant stop contacting Plaintiff;

    d. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff when Defendant continued to place collection calls to Plaintiff after Plaintiff and Plaintiff's counsel requested that Defendant stop contacting Plaintiff;

    e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when

   Defendant created the false impression on Plaintiff that Defendant was permitted to call and send collection letters to Plaintiff with impunity despite Plaintiff's and Plaintiff's counsel's request for the Defendant to stop contacting Plaintiff;

 f. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff that Defendant was permitted to call and send collection letters to Plaintiff with impunity despite Plaintiff's and Plaintiff's counsel's request for the Defendant to stop contacting Plaintiff; and

 g. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct.

## COUNT II:
## DEFENDANT VIOLATED THE NEVADA DECEPTIVE TRADE PRACTICES ACT

34. Plaintiff repeats and re-alleges paragraphs 32-33 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

35. The foregoing acts and omissions by Defendant constitute numerous and multiple violations of the NDTPA.

 a. Defendant's conduct violated NRS 598.0915(15), 598.092(8) and 598.023(1)(e); and

 b. Through each and every violation of the NDTPA, Defendant committed "consumer fraud" as defined by NRS 41.600(2)(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DESIREE HOLLAND, respectfully requests judgment be entered, , against Defendant, PINNACLE SERVICES INC., *doing business as* Pinnacle Collection Services, for the following:

 a. All actual and compensatory damages, to be determined at trial;

 b. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

  c. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

  d. As a result of each and every violation of the NDTPA and act of "consumer fraud" by Defendant, Plaintiff is entitled to damages pursuant to NRS 41.600(3)(a);

  e. Equitable relief that the court deems appropriate, pursuant to NRS 41.600(3)(b);

  f. Reasonable attorneys' fees and costs pursuant to NRS 41.600(3)(c); and

  g. Any other relief that this Honorable Court deems appropriate.

DATED: February 28, 2023

Respectfully submitted,
LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.

By: /s/ *Craig B. Friedberg*
Craig B. Friedberg
-and-
James J. Parr
AGRUSS LAW FIRM, LLC
*Attorneys for Plaintiff, DESIREE HOLLAND*

# **EXHIBIT A**

**From:** Madison Truelove
**To:** 7753231598@fax.com
**Subject:** Our Client Desiree Holland
**Date:** Wednesday, May 11, 2022 1:25:00 PM
**Attachments:** image001.png

To Whom it May Concern:

Please note that Agruss Law Firm, LLC represents Desiree Holland (Ph. (775) 870-2427) in a FDCPA claim against Summit Collection Service. Please cease all communications with our client and any third parties associated with this account. Thank you.

Best,

**Madison Truelove | Intake Specialist**
4809 N Ravenswood Ave, Suite 419, Chicago, IL 60640
Tel: 773-466-2612 | Fax: 312-253-4451

---

**From:** Madison Truelove
**To:** collections@summitcollectionservices.net
**Subject:** Our Client Desiree Holland
**Date:** Wednesday, May 11, 2022 1:25:00 PM
**Attachments:** image001.png

To Whom it May Concern:

Please note that Agruss Law Firm, LLC represents Desiree Holland (Ph. (775) 870-2427) in a FDCPA claim against Summit Collection Service. Please cease all communications with our client and any third parties associated with this account. Thank you.

Best,

**Madison Truelove | Intake Specialist**
4809 N Ravenswood Ave, Suite 419, Chicago, IL 60640
Tel: 773-466-2612 | Fax: 312-253-4451

---

**From:** Fax.com Email To Fax <reports@fax.com>
**Sent:** Wednesday, May 11, 2022 1:29 PM
**To:** Madison Truelove

**Subject:** Fax Confirmation -OK

Your fax to an unknown recipient at fax number 7753231598 succeeded.
FSID: 99984300

Attempts made: 1
Pages delivered: 2
Minutes spent delivering this fax : 1.1

The baud rate was: 14400
The following are the attempts made and the result that occurred:
05/11/2022 -   11:27:33 -   0( Success )

Documents being delivered:
0001 HTML Message Body
0002 image001.png

# **EXHIBIT B**

**From:** Madison Truelove
**Sent:** Thursday, May 12, 2022 4:00 PM
**To:** 7753231598@fax.com
**Subject:** Our Client Desiree Holland; 2nd Request

To Whom it May Concern:

Please note that Agruss Law Firm, LLC represents Desiree Holland (Ph. (775) 870-2427) in a FDCPA claim against Summit Collection Service. Please cease all communications with our client and any third parties associated with this account. Thank you.

Best,

**Madison Truelove | Intake Specialist**
4809 N Ravenswood Ave, Suite 419, Chicago, IL 60640
Tel: 773- 466- 2612 | Fax: 312- 253- 4451

---

**From:** Madison Truelove
**Sent:** Thursday, May 12, 2022 4:00 PM
**To:** 'legal@summitcollectionservices.net'
**Subject:** Our Client Desiree Holland; 2nd Request

To Whom it May Concern:

Please note that Agruss Law Firm, LLC represents Desiree Holland (Ph. (775) 870-2427) in a FDCPA claim against Summit Collection Service. Please cease all communications with our client and any third parties associated with this account.
Thank you.

Best,

**Madison Truelove | Intake Specialist**
4809 N Ravenswood Ave, Suite 419, Chicago, IL 60640
Tel: 773- 466- 2612 | Fax: 312- 253- 4451

---

**From:** Fax.com Email To Fax <reports@fax.com>
**Sent:** Thursday, May 12, 2022 4:03 PM
**To:** Madison Truelove
**Subject:** Fax Confirmation -OK

Your fax to an unknown recipient at fax number 7753231598 succeeded.

FSID: 15434426

Attempts made: 1
Pages delivered: 1
Minutes spent delivering this fax : 0.6
The baud rate was: 14400

The following are the attempts made and the result that occurred:
05/12/2022 -   14:01:52 -   0( Success )

Documents being delivered:
0001 HTML Message Body