Craig B. Friedberg, Esq.
LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
(702) 435-7968 – telephone
attcbf@cox.net

James J. Parr, Esq.
AGRUSS LAW FIRM, LLC
Illinois Bar No.: 6317921
1301 W. 22nd St, Suite 711
Oak Brook, IL 60523
(312) 224-4695 – telephone
(312) 253-4451 – facsimile
james@agrusslawfirm.com

*Attorneys for Plaintiff, DESIREE HOLLAND*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DESIREE HOLLAND, | ) |
| | ) |
| Plaintiff, | ) Case No.: 3:23-cv-00071-MMD-CLB |
| | ) |
| v. | ) |
| | ) **PLAINTIFF'S MOTION FOR LEAVE TO** |
| | ) **FILE FIRST AMENDED COMPLAINT** |
| | ) |
| PINNACLE SERVICES INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    BACKGROUND**

On February 28, 2023, Plaintiff filed a two-count Complaint against Defendant, PINNACLE SERVICES INC. ("Defendant") based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Nevada Deceptive Trade Practices Act, NRS 598, *et seq.* and NRS 41.600 ("NDTPA").  (Doc. No. 1).  In her Complaint, Plaintiff alleged that

Defendant violated the FDCPA and NDTPA in connection with its attempts to collect a consumer debt from Plaintiff. (*Id.*)

However, subsequent to Plaintiff filing her Complaint, Defendant has engaged in additional collection activities, from February 2023 to the present, which Plaintiff alleges have also violated the FDCPA and NDTPA. Moreover, one of Defendant's principals, BRIAN C. CHEW ("Chew"), is alleged to have been directly personally involved in these collection activities and resulting alleged violations of the FDCPA and NDTPA.

Accordingly, Plaintiff seeks leave to file a First Amended Complaint pursuant to Federal Rules of Civil Procedure 15 and 21 to include the subsequent collection activities and to add Chew as a party defendant.

Pursuant to Local Rule LR 15-1(a), and § IV B of Judge Baldwin's Standing Order, attached hereto as Exhibits 1 and 2, respectively, are Plaintiff's proposed First Amended Complaint as well as a redline version of Plaintiff's proposed First Amended Complaint comparing the proposed First Amended Complaint to Plaintiff's original Complaint.

## II.    LEGAL STANDARD

### Federal Rule of Civil Procedure 15

The Supreme Court of the United States unequivocally finds that "Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182 (1962) (internal quotations omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). When deciding

whether to grant leave to amend, a court must consider: (1) whether the amendment was filed with undue delay; (2) whether the movant has requested the amendment in bad faith or as a dilatory tactic; (3) whether movant was allowed to make previous amendments which failed to correct deficiencies of the complaint; (4) whether the amendment will unduly prejudice the opposing party and; (5) whether the amendment is futile. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The five *Foman* factors are not considered equally.  Prejudice is the most important factor and is given the most weight.  *Eminence*, 316 F.3d at 1052.  Therefore, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  *Id.*

Moreover, Federal Rule of Civil Procedure 15(d) states in pertinent part that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

### Federal Rule of Civil Procedure 21

In pertinent part, Federal Rule of Civil Procedure 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Whether to grant a motion to add a party is within the discretion of the court.  *See LHF Prods., Inc. v. Boughton*, 299 F. Supp. 3d 1104, 1111 (D. Nev. 2017).

## III.    ARGUMENT

Federal Rules of Civil Procedure 15 and 21 permit the amendment of Plaintiff's Complaint to supplement it for alleged violations that occurred after the filing of the original Complaint and

to add the additional party defendant, Chew.   Furthermore, as discussed *infra*, none of the *Foman*

factors that would preclude leave of court to amend Plaintiff's Complaint exist in this case.

> **A.      There was No Undue Delay.**

There has been no undue delay.   Plaintiff's proposed First Amended Complaint alleges

violations based on collection activities that occurred subsequent to the filing of the original

Complaint, which only took place over the course of the past few months.   Moreover, the proposed

addition of Chew as a party defendant likewise primarily coincides with his alleged direct personal

involvement in the recent collection activities.   Furthermore, Plaintiff is seeking to amend her

complaint within the timeframe stipulated by the parties.   (Doc. No. 17).   Plus, discovery does not

close in this case until September 19, 2023.   (*Id.*)   Therefore, Defendant still has ample time to

conduct further discovery, if necessary.

> **B.      There was No Bad Faith or Dilatory Tactic.**

Here, these concerns are not present.   Plaintiff simply requests to supplement her pleadings

by amendment to include collection activities that have occurred subsequent to the filing of

Plaintiff's original Complaint and seeks to add as a party defendant the individual that has directly

and personally engaging in the collection activities and resulting alleged violations.   Moreover,

Chew is a proper defendant pursuant to the FDCPA.   "The Sixth Circuit and the majority of district

courts that have considered the issue, **including all such district courts in the Ninth Circuit,**

**have concluded that employees can be held personally liable under the FDCPA.**"  *Robinson*

*v. Managed Accts. Receivables Corp.*, 654 F.Supp.2d 1051, 1059 (C.D. Cal. 2009) (emphasis

added).

**C.    Plaintiff Has Neither Previously Amended Her Complaint, Nor Has She Requested To.**

This factor is inapplicable.  Plaintiff has neither previously amended her complaint, nor has she requested leave to do so.

**D.    The Proposed Amended Complaint is Not Unduly Prejudicial to Defendant.**

There is no undue prejudice to Defendant in allowing Plaintiff to file a First Amended Complaint.  Pursuant to the federal standard of notice pleading, the underlying requirement for a complaint is that it gives fair notice of the claim being asserted and the grounds upon which it rests.  *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Further, it is the Defendant's burden to establish that prejudice would result from Plaintiff's amendment.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  In this matter, Plaintiff's original Complaint clearly puts Defendant on notice that its conduct violated the FDCPA and NDTPA.  (Doc. No. 1).  Allowing Plaintiff to amend her Complaint at this point does not change the nature of the lawsuit, but rather, allows Plaintiff to provide for additional violations under the FDCPA and NDTPA for Defendant's collection activities that have occurred subsequent to the filing of Plaintiff's original Complaint and seeks to add as a party defendant the individual, Chew, that was directly and personally engaging in the collection activities and resulting alleged violations.  .  Furthermore, Plaintiff is seeking to amend her complaint within the timeframe stipulated by the parties.  (Doc. No. 17).  Plus, discovery does not close in this case until September 19, 2023.  (*Id.*)  Therefore, Defendant still has ample time to conduct further discovery, if necessary.

**E.    Amendment Would Not be Futile.**

It would not be futile to allow Plaintiff to file her First Amended Complaint.  Plaintiff's First Amended Complaint is not an attempt to cure deficiencies of a previous complaint.  Where

an amended complaint alleges a legally sufficient claim for relief, leave to amend should be granted. *See Miller v. Rvkoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988). Plaintiff's proposed First Amended Complaint has four counts that plead several allegations establishing legally-sufficient claims for relief against Defendant and the proposed additional party defendant, Chew.

## IV.    CONCLUSION

WHEREFORE, for all of the foregoing reasons, Plaintiff, DESIREE HOLLAND, respectfully requests that this Honorable Court to enter an Order granting leave for Plaintiff to file the attached First Amended Complaint.

DATED:  June 23, 2023

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ James J. Parr
        James J. Parr
        *Admitted Pro Hac Vice*
            -and-
        Craig B. Friedberg
        LAW OFFICES OF CRAIG
        B. FRIEDBERG, ESQ.
        *Attorneys for Plaintiff*, DESIREE
        HOLLAND

## **CERTIFICATE OF SERVICE**

I certify that on June 23, 2023, a true and correct copy of the foregoing document was electronically filed with the Court's CM/ECF system to be sent via the electronic notification system to all counsel of record.

By: /s/ James J. Parr
    James J. Parr