**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| DESIREE HOLLAND, | Case No. 3:23-CV-00071-MMD-CLB |
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]** |
| v. | [ECF No. 21] |
| PINNACLE SERVICES INC., | |
| Defendant. | |

This case involves an action filed by Plaintiff Desiree Holland ("Holland") against Defendant Pinnacle Services, Inc., doing business as Summit Collection Services ("Pinnacle"). Currently pending before the Court is Holland's motion for leave to file an amended complaint. (ECF No. 21.) Pinnacle responded, (ECF No. 22), and Holland replied. (ECF No. 23.) For the reasons stated below, the Court recommends Holland's motion to amend be granted in part and denied in part.

I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 28, 2023, Holland filed her complaint against Pinnacle alleging violations of: (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; and (2) the Nevada Deceptive Trade Practices Act ("NDTPA"), NRS 598 and NRS 41.600. (ECF No. 1.) On March 23, 2023, Pinnacle filed their answer. (ECF No. 8.)

On June 23, 2023, Holland filed a motion for leave to file a first amended complaint ("FAC"). (ECF No. 21.) Holland originally sued Pinnacle, a debt collections company, over actions taken by Pinnacle in an attempt to collect a consumer debt allegedly owed by Holland. (ECF No. 1 at 3.) Holland now seeks to add a Defendant, Brian Chew ("Chew"), who Holland identifies as the owner, chief executive officer, treasurer, secretary, and director of Pinnacle. (ECF No. 21-1 at 2, 9.) The FAC adds facts relating to additional

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

collection activity by Pinnacle and two claims which allege Chew also violated the FDCPA and NDTPA. (*Id.* at 2-10.) Holland also seeks to add factual allegations and damages which occurred after the filing of the original complaint regarding a lawsuit filed by Pinnacle against Holland in the Reno Township Small Claims Court ("State Court Case") and a dispute over the sufficiency of the service of process in that case. (*Id.* at 3-7.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give[] leave [to amend a pleading] when justice so requires." The Ninth Circuit has made clear Rule 15(a) permits liberal application. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The factors do not weigh equally; rather, prejudice receives the greatest weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir.1999). In addition, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir.1988). When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature that requires the opposing party to defend against "different legal theories and . . . different facts." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation omitted). Alone, such alteration is not fatal. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

By contrast, futility "alone can justify the denial of a motion for leave to amend."

*Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Futility arises when the amendment is legally insufficient, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or where the amended complaint would be subject to dismissal, such as when it violates the statute of limitations. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

"Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed." *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010). Matters newly alleged in a supplemental complaint must have "some relation to the claims set forth in the original pleading." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). The standard for evaluating a motion to supplement brought under Rule 15(d) is the same as the standard for evaluating a motion to amend brought under Rule 15(a). *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 636 (D. Nev. 2021) (citations omitted).

## III.   DISCUSSION

Holland seeks to add two claims against a new Defendant, Chew, and factual allegations regarding events which occurred after the original complaint was filed relating to additional collection activities and the State Court Case. (ECF No. 21.) The Court will evaluate the five factors for determining whether to allow leave to amend as they apply to each issue added in the FAC.

### A.   State Court Case

First, the Court will discuss the amendment of the complaint to allow Holland to add claims arising from the State Court Case. Without citing any caselaw to support this contention, Pinnacle claims the Court lacks subject matter jurisdiction over issues relating to the State Court Case, as asking a federal court to "impose their jurisdiction over a service of process issue in Reno Small Claims Court is nonsensical." (ECF No. 22.) Despite Pinnacle's failure to support this argument, the Court's review of the proposed FAC finds there is a potential subject matter jurisdiction issue which would render the addition of those claims futile. *Platt Elec. Supply, Inc.*, 522 F.3d at 1060. As futility "alone

can justify the denial of a motion for leave to amend," the Court will first address whether the Court has jurisdiction to hear the claims arising from the State Court Case default judgment. *Nunes*, 375 F.3d at 808 (quoting *Bonin*, 59 F.3d at 845.)

The *Rooker–Feldman* doctrine generally bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). The *Rooker–Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker–Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, (2005). *Rooker-Feldman* applies only "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance v. Dennis*, 546 U.S. 459, 466 (2006). "Proceedings end for *Rooker–Feldman* purposes when the state courts finally resolve the issue that the federal court plaintiff seeks to relitigate in a federal forum, even if other issues remain pending at the state level." *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 604 n.1 (9th Cir. 2005). If the state-court decision was wrong, "that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding" and federal district courts lack the requisite appellate authority. *Exxon Mobil*, 544 U.S. at 284 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923)).

Critically, "[i]t is a forbidden de facto appeal under *Rooker–Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir.2003). The *Rooker-Feldman* doctrine does not apply when the plaintiff does not allege she has been harmed by legal errors made by the state courts, but rather

alleges the defendants' wrongful conduct caused her harm. *Kougasian*, 359 F.3d at 1139.

Holland seeks to amend her complaint to add allegations relating to the State Court Case and the resulting default judgment entered against her. (ECF No. 21-1 at 4-7.) The State Court Case was initiated on May 16, 2022, (*Id.* at 4), and the instant federal case was initiated on February 28, 2023. (ECF No. 1.) The original complaint does not reference the State Court Case. (*Id.*) The default judgment was entered against Holland on April 24, 2023. (ECF No. 22-15 (Notice of entry of judgment in State Court Case).) The motion for leave to amend the complaint was filed on June 23, 2023. (ECF No. 21.) The proposed FAC alleges the default judgment was improper because Pinnacle and Chew did not properly serve the State Court Case on Holland and requests relief from the monetary damages caused by the default judgment. (ECF No. 21-1 at 4-7, 12 ("Defendants' actions have caused Plaintiff to sustain monetary damages, at least, in the form of the improper default judgment, interest, and costs.").)

For the *Rooker-Feldman* doctrine, proceedings end when the state courts finally resolve the issue that the federal court plaintiff seeks to relitigate in a federal forum. *Mothershed*, 410 F.3d at 604 n.1. In this case, the State Court Case proceeding would end for purposes of *Rooker-Feldman* when a judgment was entered, and any appeals are decided. *Exxon Mobil*, 544 U.S. at 284 (citing *Rooker*, 263 U.S. at 415-416). Parties must file of a notice of appeal from a Reno Township Small Claims Court judgment within 5 days from the entry of the judgment. Nev. Justice. Ct. R. Civ. P. 98. Holland does not allege that she appealed the decision, nor does the record indicate any appeal was filed. (ECF No. 21-1); *Summit Collection Services v. Desiree Michelle Santiago Holland*, Case No. RSC2022-000485 (Reno Justice Court 2022).[2] Therefore, the State Court Case default judgment is a final judgment under the *Rooker-Feldman* doctrine. *Mothershed*, 410 F.3d at 604 n.1. As the proposed FAC seeks to introduce the State Court Case for

---

[2]    The State Court Case docket may be found by visiting justicecourts.washoecounty.us/Public/default.aspx, selecting "search all cases," and entering Case No. RSC2022-000485.

the first time, the requirement that the federal action commence post state court judgment is also satisfied. *Exxon Mobil*, 544 U.S. at 284.

Now the Court must determine whether the proposed FAC constitutes a de facto appeal of the State Court Case default judgment. *Exxon Mobil*, 544 U.S. at 284. Holland claims the FAC "merely alleges that Defendants' actions in connection with the small claims case against Plaintiff violate the FDCPA and NDTPA."[3] (ECF No. 23 at 8.) However, portions of the proposed FAC would require the Court determine the validity of the State Court Case default judgment. For example, in Count I, Holland alleges Pinnacle violated § 1692e(2)(A) and § 1692e(5) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Pinnacle knowingly relied on improper service of process in the State Court Case to obtain entry of a default judgment, plus interests and costs, against Holland. (ECF No. 21-1 at 8.) Section 1692e(2)(A) of the FDCPA prohibits the false representation of the character, amount, or legal status of any debt. To succeed on this claim, Holland would have to show Pinnacle falsely represented the character (as a small claims court default judgment), amount (default judgment for $7,049.00, plus interest of $1,253.80, which continues to accrue, and costs of $251.68), or legal status (as a valid and enforceable court decision) of the default judgment. (ECF

---

[3]     Holland references *Pope v. Man–Data, Inc.*, 209 F.3d 1161 (9th Cir. 2000), as support for her contention that the factual allegations relating to the State Court Case are proper in federal district court. The Ninth Circuit opinion deals primarily with an issue related to jury voir dire answers. In the underlying federal action, the plaintiff sought damages for collection abuses by the defendant in violation of the FDCPA and corresponding state statute. *Id.* Defendant filed a small claims action against the plaintiff which was eventually dismissed after the defendant failed to respond to plaintiff's answer and request for jury trial. *Id.* at 1162. In the federal case, plaintiff alleged that defendant was not entitled to the costs of bringing the state case because defendant was not the prevailing party in the small claims action and that its attempt to collect those costs from plaintiff violated the FDCPA and the UDCPA. The issue for the federal trial court was whether the defendant was entitled to court costs in the small claims action as a "prevailing party" despite the dismissal of the case and whether the defendant's actions in pursuing the court costs violated the FDCPA and UDCPA. *Id. Pope* is relevant to the instant case in that the FDCPA and state consumer protection laws can extend to conduct arising from a state small claims action. However, *Pope* is distinguishable from the case at bar because the federal trial court in *Pope* was not asked to overturn or alter a state court decision, but rather whether a party was entitled to court costs in the state case.

No. 21-1 at 4-8.) Therefore, the determination of this claim rests on whether the default judgment – and resulting debt – is valid.

Additionally, Holland specifically alleges monetary damages "in the form of the improper default judgment, interest, and costs." (ECF No. 21-1 at 7.) Holland would have to prove that the default judgment was "improper" in order to recover these damages. Insofar as Holland intends to add the default judgment in the State Court Case as the basis for additional liability and damages arising from the default judgment itself, she runs afoul of the *Rooker-Feldman* doctrine. Holland's attempt to use the State Court Case judgment to form a basis of liability and damages in this case is exactly what the Supreme Court described in *Exxon Mobil*: a case "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at 284. As Holland seeks the Court decide that the default judgment was invalid, the addition of claims arising from the issuance of a default judgment constitutes a forbidden de facto appeal under *Rooker–Feldman*. *Noel*, 341 F.3d at 1163. Federal district courts lack appellate authority to "'reverse or modify' a state court judgment" and Holland should have sought an appeal of this issue through proper state court channels. *Exxon Mobil*, 544 U.S. at 284 (quoting *Rooker*, 263 U.S. at 416). As allowing the addition of a claim over which the Court does not have jurisdiction would be futile, the Court recommends the motion to amend be denied as to the addition of liability and damages arising from the State Court Case default judgment which invite district court review and rejection of those judgments. *Exxon Mobil*, 544 U.S. at 284.

However, Holland is not precluded from alleging the facts relating to the State Court Case entirely as the FDCPA and state consumer protection laws can extend to conduct arising from a state small claims action. *Pope*, 209 F.3d at 1162. The Court recommends Holland be permitted to use facts relating to the State Court Case insofar as she alleges any harm was caused by Pinnacle and Chew's wrongful conduct and not by any errors made by the state court. *Kougasian*, 359 F.3d at 1139 (explaining that

*Rooker-Feldman* applies only where the federal plaintiff alleges harm from legal errors made by the state courts and not where the plaintiff *only* alleges harm deriving from the defendants' wrongful conduct).

### B.    Remainder of Proposed FAC

Now the Court turns to the remainder of the claims added in the proposed FAC. Holland seeks to add a FDCPA ("Count III") and a NDTPA ("Count IV") claim against Chew. (ECF No. 21-1.) These claims are essentially the same claims alleged in the original complaint with respect to Pinnacle. Holland specifically incorporates the facts supporting the claims against Pinnacle to allege the claims against Chew. However, in each of these claims, Holland alleges that Chew is also personally liable for the same violations as the owner, chief executive officer, president, treasurer, secretary, and director of Pinnacle. (*Id*. at 21-1.) In considering whether to allow Holland to add Chew as a defendant and the two additional claims, as noted above, the Court must analyze the Rule 15(a) factors. *Desertrain*, 754 F.3d at 1154 (Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint.) As the same standard applies for amendments under Rule 15(a) and supplements under Rule 15(d), the Court will discuss the proposed amendments and supplements together. *Desio*, 339 F.R.D. at 636 (citations omitted).

First, the Court will examine the bad faith factor. In the context of a motion for leave to amend, "bad faith" means acting with intent to deceive, harass, mislead, delay, or disrupt. *Cf. Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir.2006) Holland argues there is no bad faith as the FAC seeks to add as a defendant someone who was personally and directly engaged in the alleged wrongful activities. (ECF No. 21 at 4.) Pinnacle acknowledges the Rule 15(a) factors but does not make clear arguments as to each factor individually.[4] (*See* ECF No. 22.) Generally, Pinnacle characterizes Holland's

---

[4]    Pinnacle's response focuses mainly on refuting the substance of the claims alleged

motion to amend as "vexatious with its purpose to bother, annoy, embarrass and cause unnecessary and excessive legal expenses to the Defendant." (*Id.* at 6.) Pinnacle alleges Holland "realiz[ed] her deficiency in bringing the lawsuit, now wants a second bite at the apple, multiplying the proceedings to manufacture actual damages." (*Id.*) In her reply, Holland argues Pinnacle does not provide any evidence to support its allegations of bad faith and filing the FAC 49 days after the events in question occurred is not dilatory. (ECF No. 23 at 4.) Here, because the Court must grant all inferences in favor of allowing amendment and Pinnacle's burden of showing each factor weighs against amendment, the Court rejects Pinnacle's assertions of bad faith and finds that this factor weighs in favor of allowing amendment. *Griggs*, 170 F.3d at 880; *DCD Programs, Ltd.*, 833 F.2d at 187.

As to the second factor, Holland argues there was no undue delay as the motion for leave to amend was filed within the timeline provided by the parties' stipulated discovery plan and scheduling order. (ECF No. 21 at 4; ECF No. 17 at 4.) Pinnacle points out that Holland waited 125 days to seek leave to amend and argues amendment will produce undue delay as discovery will have to start over. (ECF No. 22 at 4-5.) Here, as Holland points out, *both* parties stipulated June 23, 2023, be the deadline for Holland to seek leave to amend. (ECF No. 17 at 4.) Additionally, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir.1981); *see also Morongo Band of Mission Indians*, 893 F.2d 1074, 1079 (9th Cir.1990). Therefore, the Court finds the factor of undue delay weighs in favor of allowing amendment of the complaint. *Webb*, 655 F.2d at 980.

The third factor, prejudice, receives the greatest weight. *Brown*, 953 F.3d at 574 (citing *Eminence Cap*, LLC, 316 F.3d at 1052). Pinnacle bears the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Eminence Cap, LLC*, 316 F.3d at 1052

---

in the original complaint and proposed FAC and only briefly addresses the standards for granting leave to amend. (*See* ECF No. 22.)

(citing *DCD Programs, Ltd.*, 833 F.2d at 186-87). As previously mentioned, Pinnacle acknowledges the Rule 15(a) factors but does not address each factor individually. (ECF No. 22.) Rather, in a lengthy sentence, Pinnacle addresses multiple factors, including prejudice:

> Plaintiff's motion to amend is sought in bad faith, it will produce an undue delay as discovery had to start over and most definitely prejudices the Defendant, Plaintiffs [sic] entire case is meritless, when Defendant asked Plaintiff for specific dates and times of the alleged violations contained in her complaint Plaintiff responded with "Plaintiff cannot recall the exact dates and times, however, Plaintiff received one such call from Defendant on May 11, 2022, at 1:59p.m. Pacific Time.

(ECF No. 22 at 5 (emphasis removed).)

The party Holland seeks to add is allegedly the owner, chief executive officer, treasurer, secretary, and director of Pinnacle. (ECF No. 21-1 at 2, 9.) When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature that requires the opposing party to defend against "different legal theories and . . . different facts." *AmerisourceBergen Corp.*, 465 F.3d at 953 (internal quotation omitted). Here, the FAC adds causes of action based on the same statutes as the original complaint against a new Defendant, Chew. The proposed FAC specifies in each added claim against Chew that he "shares the same FDCPA liability as Pinnacle, as alleged *supra* in Count I" and "shares the same NDTPA liability as Pinnacle, as alleged *supra* in Count II." (ECF No. 21-1 at 9-10.) Although additional discovery will be necessary for Chew, as it would for any additional party, Chew acknowledges he is the manager and principal of Pinnacle. (*See* ECF No. 22, ECF No. 22-1 at 1.) The relationship between Pinnacle and Chew will reduce the amount of necessary additional discovery. As each proposed additional claim against Chew is intertwined with the related claims against Pinnacle, and Chew admits he is the manager and principal Pinnacle, any prejudice which arises from needing to conduct additional discovery will be minimal. Instead of only defending Pinnacle as an entity, the case would expand to include the owner of Pinnacle's personal liability. Other than to allege prejudice arising from the need

to conduct additional discovery, Pinnacle has not shown how they will be prejudiced by the proposed FAC. Therefore, Pinnacle has not met its burden of showing that undue prejudice will occur if Holland is allowed to amend her complaint. *Tyco Thermal Controls LLC v. Redwood Indus.*, 2009 WL 4907512, *3 (N.D.Cal. Dec. 14, 2009) ("Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice.")

As to the fourth factor, futility of the amendment, Holland argues the FAC is not futile because it is not an attempt to cure deficiencies from a previous complaint. (ECF No. 21 at 5.) It appears that Pinnacle's only argument addressing futility is its assertion that Holland has "refused to produce any evidence substantiating any injury, or even describing the damages she suffered" and "has failed to produce a single document evidencing her injuries or that they are traceable to [Pinnacle's] actions." (ECF No. 22 at 6.) However, "the question of whether [a] claim is sufficiently pled is not properly dealt with in a motion to amend." *Leigh v. Salazar*, 2013 WL 6008605, *2 (D. Nev. Nov. 12, 2013). While a motion to amend can be denied for futility, Pinnacle has not met the burden of showing that Holland's motion to amend should be denied for that reason. *See Bellanger v. Health Plan of Nev., Inc.*, 814 F.Supp. 914, 916 (D.Nev.1992) ("[L]eave to amend need not be granted if the proposed amended complaint would [be] subject to dismissal."); *see also Johnson v. Am. Airlines*, 834 F.2d 721 (9th Cir.1987) (internal citation omitted) ("[C]ourts have discretion to deny leave to amend a complaint for 'futility', and futility includes the inevitability of a claim's defeat on summary judgment."). Therefore, with the exception of the disallowed claims relating to the State Court Case, the Court finds the remainder of claims and parties Holland seeks to add would not be futile for the purposes of a motion to amend. *DCD Program, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (*quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981) (In exercising its discretion, "a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities.").

Finally, the fifth factor is not at issue as Holland has not previously sought to amend

her complaint. In sum, all Rule 15(a) factors weigh in favor of granting leave to amend the complaint as to the remainder of the proposed FAC and therefore the Court recommends Holland's motion for leave to file an amended complaint, (ECF No. 21), be granted as to the claims not barred by the *Rooker-Feldman* doctrine.

## IV. CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Defendants' motion for summary judgment, (ECF No. 21), be granted in part and denied in part.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Holland's motion for leave to amend her complaint, (ECF No. 21), be **DENIED in part and GRANTED in part** as follows:

- **DENIED** as to all claims alleging harm from legal errors made by the small claims court in entering the State Court Case default judgment; and

- **GRANTED** as to the remainder of the proposed FAC;

**IT IS FURTHER RECOMMENDED** that Holland be directed to file an amended complaint in compliance with the Court's order within fourteen days of the entry of an order adopting this Report and Recommendation.

**DATED**:   July 25, 2023   .

**UNITED STATES MAGISTRATE JUDGE**