UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DESIREE HOLLAND,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>PINNACLE SERVICES, INC., D/B/A PINNACLE COLLECTION SERVICES,<br><br>　　　　　　　　　　Defendant. | Case No. 3:23-cv-00071-MMD-CLB<br><br>ORDER |

　　　　Plaintiff Desiree Holland sued Defendant Pinnacle Services, Inc. d/b/a Pinnacle Collection Services under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and related state laws, based on the ways in which Defendant tried to collect a debt from her. Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Carla L. Baldwin (ECF No. 24 ("R&R")), recommending that the Court grant in part, and deny in part, Plaintiff's motion for leave to file an amended complaint (ECF No. 21 ("Motion")). Plaintiff filed an objection to the R&R. (ECF No. 26 ("Objection").) Because the Court agrees with Judge Baldwin's analysis despite the content of the Objection, the Court will adopt Judge Baldwin's R&R in full and overrule Plaintiff's Objection.

　　　　The Court incorporates by reference and adopts Judge Baldwin's description of the case's background and procedural history. (ECF No. 24 at 1-2.)

　　　　To start, Plaintiff only objects to Judge Baldwin's recommendation that Plaintiff be denied leave to amend to the extent Plaintiff's proposed First Amended Complaint ("FAC") alleges harm from legal error made by a small claims court in the state court case where Defendant obtained a default judgment against Plaintiff for the same debt at issue here. (ECF No. 26.) Moreover, Plaintiff's argument in her Objection is that she is not trying to

challenge any legal errors made by the state court. (*Id.*) Plaintiff indeed clarifies that she is trying to allege that Defendant (and a proposed additional Defendant Chew) obtained the default judgment by filing a false declaration that they had properly served her, though Plaintiff contends they did not. (*Id.* at 2-3.) But Plaintiff does not appear to actually disagree with Judge Baldwin's analysis that the *Rooker-Feldman* doctrine would bar any attempt to allege legal errors made by the small claims court. (*See generally id.* (relying on *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) ("But for *Rooker–Feldman* to apply, a plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief.")).) The Court will accordingly overrule Plaintiff's Objection because she both appears not to actually disagree with Judge Baldwin's analysis, but more importantly, because she argues she is not attempting to allege any claims barred by the *Rooker-Feldman* doctrine.

And the Court otherwise finds Judge Baldwin's analysis in the R&R persuasive. The Court will adopt it in full.

The Court notes that Plaintiff made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion and R&R before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 26) to the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin is overruled.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 24) is accepted and adopted in full.

It is further ordered that Plaintiff's motion for leave to file an amended complaint (ECF No. 21) is granted in part, and denied in part. It is denied as to all claims alleging harm from legal error made by the state court in the small claims case Defendant filed against Plaintiff in the Reno Township Small Claims Court, but granted as to the remainder of Plaintiff's proposed FAC.

It is further ordered that Plaintiff must file an amended complaint in line with this

order within 14 days of the date of entry of this order.

DATED THIS 1st Day of September 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE