Craig B. Friedberg, Esq.
LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
(702) 435-7968 – telephone
attcbf@cox.net

James J. Parr, Esq.
AGRUSS LAW FIRM, LLC
Illinois Bar No.: 6317921
1301 W. 22nd St, Suite 711
Oak Brook, IL 60523
(312) 224-4695 – telephone
(312) 253-4451 – facsimile
james@agrusslawfirm.com

*Attorneys for Plaintiff, DESIREE HOLLAND*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DESIREE HOLLAND, <br><br> Plaintiff, <br><br> v. <br><br> PINNACLE SERVICES INC., *doing business as*, Summit Collection Services, <br><br> Defendant. | Case No.: 3:23-cv-00071-MMD-CLB <br><br> **ORDER GRANTING PLAINTIFF'S FIRST MOTION TO EXTEND DISCOVERY AND RELATED DEADLINES** |

NOW COMES the Plaintiff, DESIREE HOLLAND ("Plaintiff"), by and through her attorneys, and pursuant to Local Rules LR IA 6-1(a) and LR 26-3, respectfully requests that this Honorable Court extend the discovery close deadline to December 19, 2023, the dispositive motion deadline to January 18, 2024, and the joint pretrial order deadline to February 19, 2024. In support thereof, Plaintiff states as follows:

This is the first motion by Plaintiff, or any other party, to extend the discovery close deadline, and related deadlines.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL POSTURE

On February 28, 2023, Plaintiff filed a two-count Complaint against Defendant, PINNACLE SERVICES INC., *doing business as*, Summit Collection Services ("Pinnacle") based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Nevada Deceptive Trade Practices Act, NRS 598, *et seq.* and NRS 41.600 ("NDTPA"). (Doc. No. 1). In her Complaint, Plaintiff alleged that Pinnacle violated the FDCPA and NDTPA in connection with its attempts to collect a consumer debt from Plaintiff. (*Id.*)

On June 23, 2023, Plaintiff filed a Motion for Leave to File First Amended Complaint to add BRIAN C. CHEW ("Chew") as a party defendant and to add additional allegations of Pinnacle and Chew's wrongdoing that occurred after Plaintiff's original complaint was filed. (Doc. No. 21). On July 25, 2023, the Court (Judge Baldwin) entered its Report and Recommendation of U.S. Magistrate Judge, recommending that Plaintiff's Motion for Leave to File First Amended Complaint be denied in part and granted in part. (Doc. No. 24). On August 8, 2023, Plaintiff filed Objections to U.S. Magistrate Judge's Report and Recommendation, seeking that Plaintiff's Motion for Leave to File First Amended Complaint be granted in full. (Doc. No. 26). On September 1, 2023, the Court (Judge Du) entered its Order overruling Plaintiff's Objections to the U.S. Magistrate Judge's Report and Recommendation and adopting U.S. Magistrate Judge's Report in full. (Doc. No. 27). The Court's September 1, 2023 Order granted Plaintiff leave to file her First Amended Complaint, subject to the restrictions contained in the Order, within fourteen days thereafter. (*Id.*) On September 11, 2023, Plaintiff filed her First Amended Complaint. (Doc.

No. 28). And on September 13, 2023, the Clerk of Court issued a Summons for newly added defendant, Chew. (Doc. No. 30).

## II. STATEMENT SPECIFYING DISCOVERY COMPLETED

On May 1, 2023, the Court entered its Order Granting Stipulated Discovery Plan and Scheduling Order & Joint Case Management Report. (Doc. No. 17). The current deadline of the completion of discovery is September 19, 2023. (*Id.*)

Plaintiff and Pinnacle have exchanged written discovery. To date, Pinnacle has not sought to depose Plaintiff. Plaintiff deposed Pinnacle's 30(b)(6) witness (Chew) on September 12, 2023. Plaintiff issued a subpoena to obtain copies of her relevant telephone records. After receiving copies of her telephone records from her telephone service provider, Plaintiff learned that the telephone records do not include missed calls. For context, even missed calls from a debt collector are considered to be "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" pursuant to § 1692d § 1692d(5) of the FDCPA. *Fleming v. Associated Credit Servs., Inc.*, 342 F. Supp. 3d 563, 579 (D.N.J. 2018) ("[b]y its plain terms, this subsection of the statute reaches both answered and unanswered calls"); *Bassett v. I.C. Sys., Inc.*, 715 F. Supp. 2d 803, 810 (N.D. Ill. 2010) (holding that missed calls are actionable under the FDCPA).

## III. SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED

### a. Telephone Records

At the deposition of Pinnacle's 30(b)(6) witness, on September 12, 2023, Plaintiff, by her counsel, learned that Pinnacle does not necessarily document all collection calls made to consumers, including Plaintiff, because any such calls must be manually notated by Pinnacle's collectors. This is of particular import because, for example, Plaintiff has alleged the placement

of a collection call to her by Pinnacle on a particular date, and has a screenshot documenting it, yet that particular call does not appear on the "Debtor History Report" produced by Pinnacle. Accordingly, Pinnacle has denied ever placing that call, but has no explanation for the screenshot Plaintiff has documenting it.

As Plaintiff's telephone records do not document missed calls Plaintiff alleges that she received from Pinnacle, and Pinnacle's documentation of collection calls depends on Pinnacle's collectors manually documenting such calls, it appears that the only reliable source of documentation would be from Pinnacle's telephone service provider.  Moreover, during the deposition on Pinnacle's 30(b)(6) witness on September 12, 2023, the witness denied that Pinnacle ever received the communications that Plaintiff's counsel is alleged to have sent to Pinnacle, via facsimile.  Pinnacle's telephone records also appear to be the best source of resolving this dispute, as well.

Furthermore, during the deposition on Pinnacle's 30(b)(6) witness on September 12, 2023, Plaintiff learned the identify of Pinnacle's telephone service provider, Spectrum, and is issuing a subpoena to Spectrum contemporaneously with this motion, to obtain the relevant telephone records.

    **b. Deposition of Pinnacle's Collectors**

During the deposition on Pinnacle's 30(b)(6) witness on September 12, 2023, Plaintiff also learned the identity of Pinnacle's collector, who would have placed the above-referenced call to Plaintiff.  Plaintiff seeks to take the deposition of the collector to inquire about the collection calls placed to Plaintiff, their practices as to documenting collection calls, and the like.

### c. Additional Written and Oral Discovery Regarding New Allegations Contained in Plaintiff's First Amended Complaint

Plaintiff's First Amended Complaint contains additional allegations of misconduct by Pinnacle and Chew, which occurred after Plaintiff's original complaint was filed. Namely, in the context of litigation in a small claims case in Nevada state court that Pinnacle filed against Plaintiff.[1] As of the date of this motion, Plaintiff has a pending motion to vacate the default judgment in the State Court Case. And it is Plaintiff's understanding that Pinnacle is opposing Plaintiff's motion, based on an Interim Order that she received from the court in the State Court Case. (A copy is attached hereto as Exhibit A).

Plaintiff does not know what responsive pleadings that Pinnacle and Chew will be filing as to Plaintiff's First Amended Complaint, because they are not yet due, however, Plaintiff anticipates that Pinnacle and Chew will be denying/opposing Plaintiff's claims and will also plead defenses. Plaintiff seeks to conduct whatever written and oral discovery is appropriate in the context of Pinnacle and Chew's anticipated forthcoming responses and defenses to her First Amended Complaint.

### IV. THE REASONS WHY THE REMAINING DISCOVERY WAS NOT COMPLETED WITHIN THE TIME LIMIT OF THE EXISTING DISCOVERY DEADLINE

Plaintiff was not dilatory in deposing Pinnacle's 30(b)(6) witness. Plaintiff's counsel first issued a deposition notice for Pinnacle's 30(b)(6) witness on June 14, 2023, for the deposition to take place on July 20, 2023. Plaintiff's 30(b)(6) deposition notice invited Pinnacle to inform Plaintiff if the scheduled date and time were not convenient. On or about June 16, 2023, Pinnacle's counsel informed Plaintiff's counsel that Pinnacle's counsel would be unavailable between July

---

[1] Reno Township Small Claims Court, Washoe County, Nevada, case no. RSC2022-000485 ("State Court Case").

16, 2023 through July 31, 2023 because of a planned trip. By June 29, 2023, Plaintiff and Pinnacle's counsel agreed on August 15, 2023 at 11:00 a.m. PT, as the rescheduled date and time for the deposition of Pinnacle's 30(b)(6) witness, and Plaintiff's counsel issued an amended deposition notice accordingly. On August 8, 2023, Pinnacle's counsel informed Plaintiff's counsel that he had the time for the 30(b)(6) deposition entered into his calendar as starting at 9:00 a.m. PT rather than 11:00 a.m. PT. Pinnacle's counsel requested moving the deposition to 9:00 a.m. PT, or alternatively, to reschedule the deposition to August 16, 17, or 18. The alternative dates suggested by Pinnacle's counsel did not work for Plaintiff's counsel. By August 14, 2023, Plaintiff and Pinnacle's counsel agreed on August 23, 2023 at 9:00 a.m. PT, as the rescheduled date and time for the deposition of Pinnacle's 30(b)(6) witness, and Plaintiff's counsel issued an amended deposition notice accordingly. On August 23, 2023, Plaintiff's counsel was ill and unable to proceed with the scheduled 30(b)(6) deposition and notified Pinnacle's counsel. By August 30, 2023, Plaintiff and Pinnacle's counsel agreed on September 12, 2023 at 11:00 a.m. PT, as the rescheduled date and time for the deposition of Pinnacle's 30(b)(6) witness, and Plaintiff's counsel issued an amended deposition notice accordingly.

As mentioned above, the deposition of Pinnacle's 30(b)(6) witness was taken on September 12, 2023, just one week prior to the current discovery deadline of September 19, 2023. It was only on September 12, 2023, when Plaintiff learned of Pinnacle's recordkeeping practices, its telephone service provider, and the individual that would have placed collection calls to Plaintiff around the timeframe alleged.

Moreover, given the situation that Plaintiff was only granted leave to file her First Amended Complaint on September 1, 2023, her First Amended Complaint was not filed until September 11, 2023, and Pinnacle and Chew's responsive pleadings and defenses are presently

unknown, it would have been impossible for Plaintiff to have conducted any such discovery relative thereto by September 19, 2023.

Although Plaintiff is filing her motion within 21 days of the current discovery close deadline of September 19, 2023, Plaintiff asserts that the foregoing demonstrates that her failure to file her motion sooner was the result of excusable neglect pursuant to Local Rule LR 26-3.

### V. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY AND RELATED DEADLINES

Plaintiff proposes that the current discovery close deadline be extended from September 19, 2023 to December 19, 2023. Plaintiff further proposes that the dispositive motion deadline and joint pretrial order deadlines be likewise extended proportionally to January 18, 2024 and February 19, 2024 respectively.

Plaintiff's counsel conferred with Pinnacle's counsel and Pinnacle has indicated that it has no objection to the proposed extended deadlines. However, counsel did not discuss what discovery Pinnacle and/or Chew may want to conduct yet.

### VI. CONCLUSION

WHEREFORE, for all of the foregoing reasons, Plaintiff, DESIREE HOLLAND, asserts that she has made a showing of good cause, and respectfully requests that this Honorable Court enter an Order extending the discovery close deadline to December 19, 2023, the dispositive

motion deadline to January 18, 2024, and the joint pretrial order deadline to February 19, 2024.

DATED:  September 18, 2023

>Respectfully submitted,
>AGRUSS LAW FIRM, LLC
>
>By: /s/ James J. Parr
>   James J. Parr
>   *Admitted Pro Hac Vice*
>         -and-
>   Craig B. Friedberg
>   LAW OFFICES OF CRAIG
>   B. FRIEDBERG, ESQ.
>   *Attorneys for Plaintiff*, DESIREE HOLLAND

**IT IS SO ORDERED**.

Dated: September 18, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**

**CERTIFICATE OF SERVICE**

I certify that on September 18, 2023, a true and correct copy of the foregoing document was electronically filed with the Court's CM/ECF system to be sent via the electronic notification system to all counsel of record.

By: /s/ James J. Parr
James J. Parr

# **EXHIBIT A**

Electronically Filed
Submitted 9/14/2023 3:33 PM
CLERK OF THE COURT
Reno Civil
Accepted: 9/14/2023 3:34 PM

IN THE JUSTICE COURT OF RENO TOWNSHIP

IN AND FOR THE COUNTY OF WASHOE, STATE OF NEVADA

SUMMIT COLLECTION SERVICES,

    Plaintiff,

vs.

DESIREE MICHELLE SANTIAGO HOLLAND,

    Defendant.
_____/

Case No. RSC2022-000485

Dept. No. 6

### INTERIM ORDER

The procedural history of this case is as follows:

1. On May 16, 2022, the Plaintiff Summit Collection Services ("Plaintiff") filed its small claims *Complaint* seeking to collect an outstanding debt from the Defendant Desiree Michelle Santiago Holland ("Defendant").

2. On August 2, 2022, the Plaintiff filed a *Motion for Publication* because it was unable to serve the Defendant.

3. On August 11, 2022, the Court approved by order Plaintiff's request to serve the Defendant by publication.

4. On April 17, 2023, the Plaintiff filed a *Hearing Statement* and an *Amended Hearing Statement* with exhibits.

5. On April 20, 2023, mediation was held, and the Defendant failed to appear.

- 1 -

6. On April 24, 2023, because the Defendant failed to appear, the Court issued a *Default Judgment*.

7. On May 10, 2023, *Notice of Entry of Judgment* was filed by the Plaintiff.

8. On July 21, 2023, the Plaintiff filed a *Motion for Order to Show Cause* against garnishee; however, that *Motion* was withdrawn by the Plaintiff on September 8, 2023.

9. On July 28, 2023, the Defendant filed a *Motion to Set Aside Default Judgment*. In said *Motion*, the attorney representing the Defendant in Federal District Court over violations of the Fair Debt Collections Practices Act submitted an *Affidavit* and document stating that the attorney Craig B. Friedberg, Esq. did not have the authority to accept service on behalf of the Defendant, and, therefore, the reliance on effecting service through the attorney to obtain a default of the Defendant was improper, and the Default Judgment should be set aside.

10. On September 11, 2023, the Plaintiff filed a *Hearing Statement*, which was 71 pages long. The *Hearing Statement* was not accepted by the clerk until 11:00 a.m. on September 13, 2023, and was provided to the Court the same day, which is less than 24 hours before the hearing. The hearing was scheduled for September 14, 2023, for the purpose of determining the outstanding issues, and those issues the parties wanted the Court to resolve prior to rendering a decision. The September 14, 2023, hearing was simply a Status Hearing.

11. The Court has had an opportunity to briefly review the *Hearing Statement*; however, given the length of the Hearing Statement and the fact that the exhibits were missing pages and/or not properly sequenced, the Court continued the hearing giving the Defendant an opportunity to respond. The Plaintiff must re-submit the Hearing Statement with the exhibits, including all pages, and correct any deficiencies in the Hearing Statement. Thereafter, the Court will set a subsequent Status Hearing.

Therefore, good cause appearing herein, IT IS HEREBY ORDERED that the hearing on September 14, 2023, is continued. The Defendant will have thirty (30) days to respond to the Plaintiff's Hearing Statement as soon as that Hearing Statement is submitted with all the exhibits completed and

1 | properly sequenced, and, thereafter, once the Court receives the Defendant's Response to Plaintiff's
2 | Hearing Statement, this matter will be reset for a Status Hearing.

DATED this 14 day of September 2023

_____
JUSTICE OF THE PEACE
DEPARTMENT NO. 6

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below:

Wendy Pearson on behalf of Court Filer
Bar No. 0
wpearson@washoecounty.gov
Envelope ID: 12480993
Status as of 9/14/2023 3:35 PM PST

Associated Case Party: Summit Collection Services

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Summit Collection Services | | legal@summitcollectionservices.net | 9/14/2023 3:33:04 PM | NOT SENT |

Associated Case Party: Vantage Real Estate LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Patrick R.Millsap, Esq. | | mcclure@wallacemillsap.com | 9/14/2023 3:33:04 PM | NOT SENT |
| Patrick R. Millsap, Esq. | | patrick@wallacemillsap.com | 9/14/2023 3:33:04 PM | NOT SENT |

Associated Case Party: DesireeMichelle SantiagoHolland

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Desiree MichelleSantiago Holland | | desiholland@gmail.com | 9/14/2023 3:33:04 PM | NOT SENT |